STATE, EX REL. BOARD OF EDUCATION OF THE CITY OF PLAINFIELD, v. PATRICK SHERIDAN, COLLECTOR OF UNION COUNTY.

A county collector, upon *mandamus,* will be ordered to pay over to the treasurer of a town or township collector the amount of school moneys apportioned to said town or township, for which the collector holds the order of the county superintendent, although the town treasurer or township collector may owe to the county collector moneys due for state and county taxes.

Board of Education v. Sheridan.

The board of education of the city of Plainfield have a rule upon the collector of Union county requiring him to show cause before this court why a *mandamus* should not go commanding him to pay to the collector of the city of Plainfield the sum of $6356.77, the amount of an order drawn in favor of said collector upon the collector of Union county by N. W. Pease, county superintendent of public schools, the above sum being the amount apportioned to the said city out of the state school tax.

The evidence taken to be used upon the argument upon the return of this rule, shows the following facts :

The order above mentioned was drawn by the county superintendent, and by him delivered to the county collector on May 2d, 1879. The county collector did not pay any cash upon this order, but he credited the collector of the city of Plainfield with the amount of the order as so much money received from said collector on account of the state and county taxes due the county from the city of Plainfield. This credit was assented to by the collector of the city of Plainfield.

The city collector, at various times, has paid to the relator, on account of the school moneys of 1878 and 1879, the aggregate sum of $4438, leaving a balance of $1928.77 due the relator upon the school tax of that year.

Argued at February Term, 1883, before Justices DEPUE, SCUDDER and REED.

For the relator, *C. W. Kimball.*

For the defendant, *J. A. Fay.*

The opinion of the court was delivered by

REED, J. The manner in which the state tax for school purposes is to be ascertained and assessed is so fully exposed in the cases of *State* v. *Cox, Collector,* 9 *Vroom* 302, and *Board of Education of Elizabeth* v. *Sheridan,* 13 *Vroom* 64, that a recital of the statutes controlling it would be of no utility.

The substance of the scheme is that a tax of two mills is imposed upon the ratable property in the state, which is apportioned to the counties by the comptroller by May 1st of each year. The board of assessors apportions each county's portion among the cities and townships constituting taxing districts within the county. The state superintendent apportions the amount so assessed, on or before January of each year, to the several counties; and it is his duty, on or before January of each year, to draw orders upon the comptroller, in favor of the county collectors, for the money so apportioned. The county superintendent apportions the share designated for his county among the towns, cities and school districts, and on or before February 10th, he is required to draw on the county collector, in favor of the township collectors and city treasurers, for the moneys so apportioned. It is required that all moneys for state and county taxes, including, of course, the school tax, shall be paid by the collector or treasurer to the county collector out of the first moneys collected. The county collector, as appears by the testimony, has, instead of receiving this money and then paying over the amount of the order permitted the amount of the order to be considered a set-off against any money due him for state and county taxes. He has said by his conduct, Pay me the remainder of the state and county tax in cash and you can settle with the school trustees for the amount of the order. In pursuance of that arrangement a part of the amount of this order has been paid by the collector to the relators.

In my judgment there can be no such arrangement by which the duty of paying this money can be shifted from the county collector to some other person. The board of education, who are the recipients of this money, have the right to look to the fund in the hands of the county collector. He cannot substitute the credit of a stranger for the cash which he is supposed to hold by virtue of the state superintendent's warrant in his favor. It seems too clear for discussion that the county collector must respond. I think there was a

technical error in the form of the order. It should have been in favor of the treasurer instead of the collector.

The act provides that the order of the county superintendent shall be drawn in favor of the township collector and city treasurers in his county. Plainfield has a treasurer and he is the appropriate person to receive these moneys.

This is only an unimportant matter in the present case, and the writ should go commanding the payment of the sum of $1928.77 by the defendant to the treasurer of Plainfield, as the remainder due upon the said warrant. I do not perceive how the balance alleged to be due upon the warrants of the preceding year is involved in this rule. Let a peremptory writ go as stated, with costs for relator.